JOSEPH G. BREARLEY, executor of Catharine Beatty, vs. JEREMIAH LALOR and others.

On a bill filed to settle the construction of a will containing the following residuary clause, viz. "all the residue and remainder of my *moneys* not above disposed of, that is of *moneys which I have at the time of my decease*, I direct to be equally divided among my children and grandchildren living at the time of my decease;"—"whatever personal property is not herein before disposed of I direct to be sold by my executors, and the moneys thereon arising to be divided equally between my son and my two daughters," it was *held* that, by these two clauses, a clear distinction is made between *moneys* and *personal property*. The residue of the one is given to all the children and grandchildren equally; what remains of the other not disposed of is to be divided equally between the children.

It is a well settled rule of construction, that by a bequest of money, bonds, mortgages, promissory notes, or other securities for the payment of money will not pass, unless it appears by the will or from the condition and circumstances of the testator's estate that it was her intention to pass them. The term money must be understood, in its legal or popular sense, to mean gold or silver, or the lawful currency of the country, or bank notes or money deposited in bank for safe keeping.

The bequest of *money* in this case does not include funds in the savings bank—that is in the nature of an investment drawing interest, and is not usually subject to the immediate order of the owner.

*C. S. Green*, for complainant.

*Beasley*, for defendant.

THE CHANCELLOR. The bill is filed to settle the construction of the will of Catharine Beatty, and for directions to the executor in the settlement of the estate. The question arises upon the residuary clause or clauses of the will, which are as follows, viz. "all the residue and remainder of my *moneys* not above disposed of, that is of *moneys which I have at the time of my decease*, I direct to be equally divided among my children and grandchildren living at the time of my decease;" "whatever personal property is not herein before disposed of I direct to be sold by my executors, and the

moneys thence arising to be divided equally between my son and my two daughters, and in case of the decease of either of them during my life, the share which said deceased one would have taken, if living, shall go to and among his or her children, in equal parts."

By these two clauses, a clear distinction is drawn between her *moneys* and her *personal property.* The residue of the one is given to all her children and grandchildren equally; what remains of the other not disposed of she directs to be divided equally between her children.

In *Mann* v. *Executors of Mann,* 1 *Johns. Ch. R.* 231, it was held, by Chancellor Kent, that in a bequest of "moneys," there being nothing in the will to show that the testator used the word "moneys" in a different or more extended sense, it must be understood, in its legal and popular sense, to mean gold or silver, or the lawful currency of the country, or bank notes, where they are known and used as cash, or money deposited in bank for safe keeping, and not to comprehend notes, bonds, mortgages, or other securities.

The same construction has been adopted in numerous other cases, which are collected in 2 *Roper on Legacies* 282, (*ed.* 1848); 2 *Williams on Executors* 1024, (*ed.* 1849).

It is a well settled rule of construction, that by a bequest of money, bonds, mortgages, promissory notes, or other securities for the payment of money, will not pass unless it appears by the will, or from the condition and circumstances of the testator's estate, that it was his intention to pass them.

I have been unable to discover anything in the will of the testatrix, or in the circumstances of her estate, which indicate a different intent from that indicated by the natural and legal import of the terms used. It is very difficult to determine what the intention of the testatrix was in the residuary clauses. It seems highly probable, either that there was a large accumulation of money in the hands of the testatrix after the date of the will, or that the provisions of the will were adopted from previously executed wills, with-

out regard to the changes which had occurred in the condi-
tion of the estate.

There are considerations growing out of some of the pro-
visions of the will which create an impression that the tes-
tatrix, in disposing of the residue of the money which she
might have at her death, referred merely to the gold which
was kept in a trunk at bank, a portion of which was given
in specific legacies.    But so far as any intention of the tes-
tatrix is fairly inferrible from other portions of the will, it
accords with the legal import of the terms of the residuary
bequests.    The testatrix left $17,000 of personal estate,
about one half of which is included in the residue.    The
estate consisted of specie and bank notes in the house, gold
in a trunk at bank, money deposited in bank, money in the
savings bank, bonds, mortgages, and other securities, besides
household furniture and other chattels.    The chattels, other
than her money and securities, were specifically bequeathed.

She left three children and sixteen grandchildren, to all of
whom she gave special legacies.    By these special legacies,
including numerous charitable bequests, she disposed of
nearly one half of her estate, and disposed of the remainder
by the two residuary clauses already cited, by one of which
she directs the residue of her moneys to be divided equally
among her children and grandchildren living at her decease.
Either of these clauses, in the absence of the other, would
undoubtedly carry the entire residue of the personal estate;
in the one case, to her three children equally, and in the
other, to all her children and grandchildren equally.    Stand-
ing together, they indicate a clear intention to give a portion
of her estate in each way.    If the term money is extended
beyond its natural and legal import to include stocks and
other securities, it will include the whole estate, for the
chattels were all specifically bequeathed, and the second
clause will be inoperative.    The first clause will include the
cash in the house, whether in specie or notes, the gold in
the trunk at bank, and the deposit in bank.    It will not in-
clude the money in the savings fund; that is in the nature

of an investment drawing interest, and is not usually subject to the immediate order of the owner, like money deposited at bank, but can only be called in, like other investments, upon notice. Out of this part of the residuary estate must be deducted the *money* specifically bequeathed in the previous part of the will. By the phrase, "residue and remainder of my moneys," the testatrix could not have intended what should remain of her moneys after paying all the pecuniary legacies previously given; for she had given pecuniary legacies to an amount far exceeding all the moneys she had, or which there was any reasonable probability of her having at her death. To adopt this construction would necessarily defeat the legacy. Besides the natural import of the phrase is, that portion of the money which has not been previously disposed of. A bequest of the residue of the personal estate is a gift only of so much as remains after all the legacies are paid, because the entire personal estate constitutes the appropriate fund for the payment of legacies. But the money in hand does not constitute a fund for the payment of legacies, any more than the other parts of her personal estate, from which the moneys are here carefully distinguished.

The general residue of the estate will be divided, under the second clause, between the three children of the testatrix. This construction gives effect and operation to each clause and provision of the will. In no other way can that be done. The bulk of the estate is thus given equally to the three surviving children of the testatrix, who would naturally be the favorite objects of her bounty. There is a strong presumption that she did not intend to divide the bulk of her estate among her grandchildren, many of whom were minors, for no provision is made for the investment or disposition of the money until they came of age; whereas, in regard to the special bequests to her grandchildren, of much smaller amount, she has specially directed that the share of such as are minors shall be put out at interest, and paid to them as they severally come of age. Nor does there seem to be any satisfactory reason why the testatrix, in ad-

dition to a specific legacy, by way of remembrance to each of her children and grandchildren, should also have given a special pecuniary legacy to each, in nearly equal amounts, if she intended eventually to divide her whole estate equally between them. But whatever weight these considerations may be entitled to in support of the construction adopted, in giving to the term money its natural and legal import, there is clearly nothing in the will which indicates a different intent in the mind of the testatrix. I entertain no doubt, therefore, as to the proper construction of the instrument.